# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| STEWART ABRAMSON, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| ASHIA LIFE AND HEALTH INSURANCE LLC, and NEXON LEADS LLC, | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants.* | : | |

## BACKGROUND

1. Stewart Abramson ("Plaintiff") brings this class action against Nexon Leads LLC ("Defendant Nexon" or "Nexon") who the Plaintiff alleges made pre-recorded telemarketing calls as the agent of Ashia Life and Health Insurance LLC ("Defendant Ashia" or "Ashia") (collectively referred to as "Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and alleges as follows:

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of

complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3.     Plaintiff brings this action under the TCPA alleging that Defendants advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

4.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.     A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.     Plaintiff is a resident of Allegheny County, Pennsylvania.

7.     Defendant Nexon is a limited liability company headquartered in St. Petersburg, Pinellas County, Florida, which is located within this District.

2

8. Defendant Ashia is a limited liability company headquartered in Palm Coast, Flagler County, Florida, which is also located within this District.

## JURISDICTION & VENUE

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. The Court has personal jurisdiction over Defendants and venue is proper because Defendants reside in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff's residential landline telephone number is (412) XXX-2147.

12. Plaintiff is the subscriber and regular user of the residential landline telephone number.

13. Plaintiff never provided prior express consent to Defendant Ashia or Defendant Nexon to place prerecorded or artificial voice telemarketing calls to Plaintiff's residential telephone number.

14. Despite that, beginning in April 2026, Plaintiff received multiple unsolicited telemarketing calls to his residential landline. At a minimum, Plaintiff received the following calls:

- April 1, 2026, at 9:55 a.m. from caller ID (412) 754-4682;
- April 9, 2026, at 9:22 a.m. from caller ID (412) 530-4912;
- April 13, 2026, at 2:50 p.m. from caller ID (412) 668-9840;
- April 20, 2026, at 3:15 p.m. from caller ID (412) 652-1490; and
- April 23, 2026, at 9:13 a.m. from caller ID (412) 206-9082.

3

15. Each of these calls delivered the same artificial or prerecorded voice message, which stated in substance:

> "This is Mark. It's just a normal profile review call. So, as per our records, everything regarding your health remains unchanged since last year, right? … All right. I am quickly connecting you to the benefit agent who will review your updated benefits. Just a moment. Here you go."

16. The prerecorded message purported to conduct a "profile review" before automatically transferring Plaintiff to a live insurance representative for the purpose of marketing insurance products or services.

17. During the April 23, 2026 call, Plaintiff was transferred from the prerecorded message to Zachary David Beyer, a licensed insurance agent.

18. Mr. Beyer informed Plaintiff that he worked with Defendant Ashia and subsequently sent Plaintiff emails from the @ashiahealth.com domain.

19. After Plaintiff investigated the calls, Deaonna Lynn Arevalo, acting on behalf of Defendant Ashia, contacted Plaintiff.

20. Ms. Arevalo represented that Defendant Nexon served as Ashia's lead provider and that Defendant Nexon transferred Plaintiff to Defendant Ashia's licensed insurance agent, Mr. Beyer, during the April 23, 2026 call.

21. Plaintiff was also contacted by Muhammad Wasim, the owner of Defendant Nexon.

22. Mr. Wasim provided Plaintiff with a copy of the April 23, 2026 call.

4

23. The recordings and admissions provided by representatives of Defendant Ashia and Defendant Nexon confirmed that the prerecorded telemarketing call originated through Defendant Nexon's lead-generation system and culminated in the transfer of Plaintiff to Defendant Ashia's licensed insurance agent for the purpose of marketing insurance products.

24. The repeated prerecorded calls were made for the purpose of encouraging Plaintiff to purchase insurance products or services and therefore constitute telephone solicitations within the meaning of the Telephone Consumer Protection Act and its implementing regulations.

25. Plaintiff did not invite or request these calls, did not have an established business relationship with Defendants sufficient to authorize prerecorded telemarketing calls, and had not consented to receive such calls at his residential telephone number.

26. As a direct result of Defendants' conduct, Plaintiff received repeated unsolicited prerecorded telemarketing calls that invaded his privacy, disturbed the peace and quiet of his home, and caused the injuries the Telephone Consumer Protection Act was enacted to prevent.

***Defendant Ashia's Liability for Defendant Nexon's Conduct***

27. Defendant Ashia is vicariously liable for the conduct of Defendant Nexon because Defendant Nexon acted as Defendant Ashia's agent and on its behalf in initiating the telemarketing calls described herein.

28. At all relevant times, Defendant Ashia utilized Defendant Nexon to generate telemarketing leads and to transfer prospective customers to Defendant Ashia's licensed insurance agents.

29. The prerecorded calls placed to Plaintiff were made for the purpose of identifying, qualifying, and transferring potential customers to Defendant Ashia for the sale of insurance products and services.

30. During the April 23, 2026 call, the prerecorded message transferred Plaintiff to licensed insurance agent Zachary David Beyer, who represented that he worked with Ashia and subsequently communicated with Plaintiff using an @ashiahealth.com email address.

31. Following Plaintiff's investigation, Deaonna Lynn Arevalo, acting on behalf of Defendant Ashia, confirmed that Defendant Nexon served as Defendant Ashia's lead provider and that Defendant Nexon transferred Plaintiff to Defendant Ashia's licensed insurance agent during the April 23, 2026 call.

32. The recordings and statements provided by representatives of both Defendants demonstrate that the prerecorded calls were part of a coordinated lead-

6

generation campaign in which Defendant Nexon solicited consumers and transferred qualified prospects directly to Defendant Ashia's licensed insurance agents.

33. Upon information and belief, Defendant Ashia authorized Defendant Nexon to solicit prospective customers on Ashia's behalf, accepted leads generated by Nexon, and compensated Nexon, directly or indirectly, based upon leads, transfers, sales opportunities, or other telemarketing performance metrics.

34. Defendant Ashia knowingly accepted the benefits of Defendant Nexon's telemarketing activities by receiving live transfers of consumers generated through Nexon's prerecorded calls and by permitting its licensed insurance agents to market insurance products to those consumers immediately following the transfers.

35. Ashia knew or reasonably should have known the manner in which Nexon generated and transferred leads because Ashia received consumers immediately after the prerecorded qualification process and possessed recordings documenting the transfer process.

36. Despite such knowledge, Ashia continued to accept and benefit from leads generated by Nexon's prerecorded telemarketing campaign and failed to take reasonable steps to prevent violations of the Telephone Consumer Protection Act.

37. At all relevant times, Nexon acted as Ashia's actual agent, apparent agent, and/or agent by ratification in placing or causing the placement of the prerecorded telemarketing calls at issue.

38. Alternatively, Ashia is liable because it knowingly accepted the benefits of Nexon's unlawful telemarketing campaign with knowledge of the material facts, thereby ratifying Nexon's conduct under federal common-law agency principles.

39. Accordingly, Ashia is vicariously liable under the Telephone Consumer Protection Act for the prerecorded telemarketing calls placed by or on behalf of Nexon to Plaintiff's residential telephone number.

## CLASS ACTION STATEMENT

40. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

41. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

42. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Nexon Leads Class:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant Nexon or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, services (4) within the four years prior to the filing of the Complaint.

**Robocall Nexon Ashia Life Sub-Class:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, services (4) for the benefit of Ashia Life (5) within the four years prior to the filing of the Complaint.

43.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

44.     Excluded from the Class are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45.     Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

46.     This Class Action Complaint seeks injunctive relief and money damages.

47.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

48. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

49. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

50. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

51. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

52. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

      a. Whether Defendants made calls using artificial or prerecorded voices to Plaintiff;

      b. Whether Defendants' conduct constitutes a violation of the TCPA; and

      c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

53. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

54.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

55.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

56.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

57.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

<strong><u>CAUSE OF ACTION</u></strong><br/>
<strong>Telephone Consumer Protection Act</strong><br/>
<strong>(Violations of 47 U.S.C. § 227(b))</strong><br/>
<strong>(On Behalf of Plaintiff, the Class, and the Sub-Class)</strong>

58.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

60.    The Defendants' violations were negligent, willful, or knowing.

61.    As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

62.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendants from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

12

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**PLAINTIFF,** on behalf of himself and others similarly situated.

Date:  August 7, 2026.                    Respectfully submitted by:

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar No. 84382)*
**KAUFMAN PA**
237 S Dixie Highway Ste 455
Coral Gables, FL 33133-4824
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

*Counsel for Plaintiff and the Proposed Classes*

*\* Lead Attorney*

13